**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME UGALDE BARRON,<br><br>Petitioner,<br><br>v.<br><br>PAMELA J. BONDI, Attorney General,<br><br>Respondent. | No. 23-2400<br><br>Agency No.<br>A091-867-989<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2025
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.
Dissent by Judge CALLAHAN.

Jaime Ugalde Barron ("Ugalde"), a native and citizen of Mexico, petitions

for review of a final order of removal issued by an Immigration Judge ("IJ"). We

have jurisdiction under 8 U.S.C. § 1252. We grant Ugalde's petition for review

and remand his case to the agency for further proceedings.

On August 31, 2023, the U.S. Department of Homeland Security issued a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Notice of Intent to Issue a Final Administrative Removal Order ("NOI") charging Ugalde with removability as a noncitizen convicted of an aggravated felony based on his 1998 conviction for possession of a controlled substance for sale in violation of Cal. Health & Safety Code § 11378, *see* 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), and initiating expedited removal proceedings pursuant to 8 U.S.C. § 1228(b). That same day, the agency served him with a Final Administrative Removal Order ("FARO"). Following a negative reasonable fear determination, an IJ issued a final order of removal on September 22, 2023.

Ugalde contends that issuing the FARO on the same day as the NOI deprived him of his due process right to challenge whether his conviction under Cal. Health & Safety Code § 11378 was in fact an aggravated felony making him removable. The Government concedes that there was a regulatory violation because 8 C.F.R. § 238.1(c)(1) affords noncitizens in expedited removal proceedings ten days to respond to the NOI, but contends that Ugalde was not prejudiced by it. We disagree.

To demonstrate prejudice, Ugalde need only establish that "the violation *potentially* affected the outcome of the immigration proceedings." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) (emphasis added) (citations omitted). Ugalde had a potentially meritorious argument that his conviction under Cal. Health & Safety Code § 11378 was not a categorical match for the aggravated

felony definition under the federal removal statute. At least two district courts have held that the California state statute of conviction is broader than the federal generic crime because it defines methamphetamine analogs more broadly than the federal controlled substance statute does. *See United States v. Verdugo*, 682 F. Supp. 3d 869, 873 (S.D. Cal. 2023); *United States v. Morales-Rodriguez*, 744 F. Supp. 3d 1036, 1056 (S.D. Cal. 2024). We have not yet addressed this question, the resolution of which has the potential to affect the outcome of the removal proceedings. We therefore remand to the agency to afford the opportunity to Ugalde that it denied him through the regulatory violation to address this issue in the first instance, without expressing any view about its appropriate resolution. On remand, the agency should also consider the effect, if any, of the vacatur of Ugalde's state court conviction.[1]

**PETITION GRANTED.**

---

[1] We grant Ugalde's motion to take judicial notice (Dkt. 26) that the 1998 conviction underlying his removal order was vacated on July 10, 2024. *See Singh v. Ashcroft*, 393 F.3d 903, 905–06 (9th Cir. 2004). We deny Ugalde's request for summary disposition (Dkt. 26) and deny his motion to stay removal (Dkt. 3) as moot.

CALLAHAN, Circuit Judge, dissenting:

Petitioner Jaime Ugalde Barron ("Ugalde") cannot show that he was prejudiced by the government's regulatory violation. Ugalde was charged with, and pleaded guilty to, possessing for sale methamphetamine in violation of California Health & Safety Code § 11378. His conviction thus constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B), rendering him deportable under 8 U.S.C. 1227(a)(2)(A)(iii). Notwithstanding what the majority says, Ugalde does not have a "potentially meritorious" argument to the contrary. I respectfully dissent.

California Health & Safety Code § 11378 "is a divisible statute." *United States v. Ocampo-Estrada*, 873 F.3d 661, 668 (9th Cir. 2017). We therefore employ the modified categorial approach, and "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 579 U.S. 500, 505 (2016). Here, the guilty plea and felony complaint show that Ugalde unlawfully possessed for purpose of sale "a controlled substance, to wit, methamphetamine."

The majority relies on two district court decisions for the proposition that California law defines "methamphetamine analogs" more broadly than federal law does. But methamphetamine analogs are not part of this case. Only

-1-

methamphetamine is.  We do not need to "assume" that Ugalde's conviction "was predicated on a plea of guilty to the controlled-substance element of methamphetamine in particular."  *Ocampo-Estrada*, 873 F.3d at 669.  We know it was.  Moreover, California's definition of methamphetamine does not include "methamphetamine analogs," *see* Cal. Health & Safety Code § 1055(d)(2), and we have held on at least two occasions that "California's definition of methamphetamine is a categorical match to the definition under federal law." *United States v. Ceja*, 23 F.4th 1218, 1227 (9th Cir. 2022);  *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1153, 1154 n.5 (9th Cir. 2020).

In sum, Ugalde's conviction under California law constitutes an "aggravated felony," which contemplates the "illicit trafficking in a controlled substance" like methamphetamine.  *See* 8 U.S.C. § 1101(a)(43)(B) (defining an "aggravated felony" as including "illicit trafficking in a controlled substance (as defined in section 802 of Title 21)."); *see* 21 U.S.C. § 802(6) (defining "controlled substance" as a drug included in Schedules I-V), *id.* § 812, Schedule II (c) (methamphetamine), Schedule III (a)(3) (same).